UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Ryan Meade Aspy                           CIVIL ACTION NO

    Plaintiff,

v

Brainwater Enterprises, LLC
James Olenski
    Defendants

_____/

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FOR PROVIDING AND DISTRIBUTING OF FALSE COPYRIGHT MANAGEMENT INFORMATION, WITH JURY DEMAND

Jurisdiction

    1.    This is a suit for copyright infringement and for providing and distributing of false copyright management information. Subject matter jurisdiction is conferred by Title 28, U.S.C. §1338(a) and Title 17 §1203. Venue is based upon 28 U.S.C. §1391 (b) and (c) and 28 U.S.C. §1400.

Parties

    2.    Plaintiff, Ryan Meade Aspy is a resident of Michigan residing within the Eastern District of Michigan at 5577 Eldridge Drive, Waterford, MI 48327.

    3.    Defendant, Brainwater Enterprises, LLC is a Michigan Limited Liability Company, doing business as Thomas Video which has a place of business within the Eastern District of Michigan at 4732 Rochester Road, Royal Oak, MI 48073.

1

4. Defendant James Olenski is a managing partner of Brainwater Enterprises, LLC, and on information and belief resides within the Eastern District of Michigan and so dominates that entity as to be an alter ego thereof.

5. Plaintiff is a professional videographer and movie writer, and in October of 2009, wrote a script for a movie entitled "You Can't Rent Here Anymore" (The Movie) featuring Thomas Video, a business of the Defendants Brainwater Enterprises and James Olenski.

6. Plaintiff contacted the Defendant Olenski to discuss the script and the possibility of filming The Movie at Thomas Video.

7. An agreement was reached that The Movie could be filmed at Thomas Video, and subsequently was filmed at that location.

8. The parties had various conversations about possible business arrangements concerning commercial exploitation of the movie and use of the movie to promote the Thomas Video business, as well as the possibility of the grant of an interest in the copyright on The Movie to Defendants, but no agreement was reached nor any written agreement signed.

9. Certain transactions were made between the parties regarding costs involved in a premiere for The Movie which was presented in late December 2009.

10. Defendants then asserted ownership in the copyright on The Movie despite no grant of any interest in copyright in The Movie to either Defendant by the Plaintiff either verbally or in writing.

11. Defendants had copies made of The Movie marked with a statement of ownership of the copyright with Defendant Brainwater and proceeded to distribute such

copies to members of the public without permission of the Plaintiff with the false marking of these copies which indicated that Brainwater was the owner, such false marking intended to facilitate and conceal the infringement of Plaintiff's copyright in The Movie.

12. Defendants proceeded to file a copyright registration application dated January 20, 2010 on The Movie which falsely identified Defendant Brainwater as the owner of the copyright in The Movie.

13. A certificate of registration No PA 0001679741 correctly naming Plaintiff as the sole author of the Movie but falsely indentifying Defendant Brainwater as the owner subsequently issued, effective January 20, 2010.

14. Plaintiff has filed an application for correction of that registration certificate seeking to substitute the Plaintiff as the sole claimant of that copyright.

15. Plaintiff subsequently produced a final version of The movie (Final Versions of The Movie), and arranged for a public viewing at a local film festival in March of 2010.

16. On information and belief, Defendant Olenski, who also attended that film festival, falsely informed the manager of the theater that showing of the Plaintiff's Final Version of The Movie would infringe Defendant Brainwater's copyright on The Movie, which resulted in the Final Version of The Movie being dropped from the program.

17. On April 20, 2010, Plaintiff received a copyright infringement notice on a YOUTUBE account on information and belief falsely issued by Defendants Brainwater and Olenski, which caused Plaintiff's Final Version of The Movie to be removed from YOUTUBE.

18.     Defendants continue to sell videos of The Movie on line and from their place of business Thomas Video, and to use trailers and artwork from The Movie to promote their business without obtaining any permission from the Plaintiff.

19.     The forced removal from the posting of the video of the Plaintiff's final Version of The Movie reduced Plaintiff's sales of videos and the public claim of copyright infringement harms the Plaintiff's business and reputation.

WHEREFORE Plaintiff prays that:

1.     That Defendants be adjudged to have willfully infringed Plaintiff's copyright in The Movie by distributing to the public by the sale of copies of The Movie and by publically displaying images from The Movie.

2.     That Defendants and their agents and suppliers be preliminarily and permanently enjoined from any distribution of The Movie or public display of images from The Movie, or any other use.

3.     That Plaintiff be awarded his damages and Defendant's profits realized from their infringement.

4.     That the Court order impounding of all videotape copies of The Movie remaining in the Defendants' possession.

5.     That in the alternative at Plaintiff's election that Plaintiff be awarded statutory damages and that the Court increase the amount of statutory damages to $150,000 by reason of willful infringement committed by the Defendants.

6.     That Plaintiff be awarded his damages for the Defendants' providing and distribution of false management information concerning the ownership of copyright in

The Movie or alternatively at his election statutory damages as provided under Title 17 USC § 1203.

    7.    That Plaintiff be awarded his costs in this action, including his attorney's fees.

    8.    That Plaintiff be given such other further relief as may be just and equitable.

Dated:  December 6, 2012                s/John R. Benefiel            .
                                               John R. Benefiel (P28970)
                                               Attorney for Plaintiff, Ryan Meade Aspy
                                               525 Lewis Street
                                               Birmingham, Michigan 48009-6244
                                               (248) 644-1455
                                               jbenefiel@sbcglobal.net

## JURY DEMAND

Plaintiff Ryan Meade Aspy hereby demands and requests trial by jury of all issues raised that are triable by jury.

                                                     RYAN MEADE ASPY

Dated: December 6, 2012         By:   s/ John R. Benefiel
                                                    John R. Benefiel
                                                    Attorney For Plaintiff Ryan Meade Aspy
                                                    525 Lewis Street
                                                    Birmingham, Michigan 48009
                                                    (248) 644-1455

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2012, I electronically filed:

**COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND JURY DEMAND**

with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                                                    Respectfully Submitted,

                                                    s/John R. Benefiel    .
                                                      John R. Benefiel (P28970)
                                                     Attorney for Plaintiff, Georgetown Home & Garden
                                                     525 Lewis Street
                                                     Birmingham, MI 48009
                                                     (248) 644-1455
                                                     jbenefiel@sbcglobal.net

PATENT, TRADEMARK, COPYRIGHT INFORMATION

(To be distributed when 820, 830, 840 category case if filed)

1. If this is a patent action, please respond:

PATENT NO.                DATE OF PATENT                PATENTEE

_____

_____

_____

2. If this is a trademark action, please respond:

TRADEMARK NO.        DATE OF TRADEMARK        TRADEMARK APPLICANT
_____

_____

_____

3. If this is a copyright action, please respond:

COPYRIGHT REG. NO.            TITLE OF WORK            AUTHOR OF WORK

PA1679741            You Can't Rent Here Anymore            Ryan Meade Aspy

_____

_____

_____

Date:  December 6, 2012                              s/ John R. Benefiel
                                                     Attorney's Signature