## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RYAN MEADE ASPEY,

          Plaintiff/Counter-Defendant,

                                         Case No. 12-15366

       v.                           HON. TERRENCE G. BERG

BRAINWATER ENTERPRISES, LLC, and
JAMES OLENSKI,

                 Defendants/Counter-Plaintiffs.

_____/

### OPINION AND ORDER:
### (1) GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' RES JUDICATA DEFENSE; AND (2) DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENDANTS' COUNTERCLAIMS, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DEFENDANT OLENSKI'S MOTION TO DISMISS, AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case stems from a dispute between the parties over who owns the copyright to an independently produced film. The parties have filed a number of motions, the determination of which would not be aided by oral argument. Consequently, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will decide these motions based upon the parties' numerous briefs.

To summarize the pending motions: On June 13, 2013, Plaintiff filed a combined motion for judgment on the pleadings, partial summary judgment as to Defendants' res judicata defense, and dismissal of Defendants' counterclaims (Dkt. 13). Defendants responded to the combined motion on July 18, 2013 (Dkt. 19), and Plaintiff filed a reply on August 1, 2013 (Dkt. 20).

Although Plaintiff's multifaceted combined motion was still pending, Plaintiff nevertheless filed a motion for summary judgment on September 26, 2013 (Dkt. 23). The following day, Defendant James Olenski filed a motion to dismiss (Dkt. 24), and both Defendants filed a joint motion for summary judgment (Dkt. 25). Defendants responded to Plaintiff's summary judgment motion on October 17, 2013 (Dkt. 27). Plaintiff responded to Defendants' motions on October 21, 2013 (Dkts. 28 & 29). On November 4, 2013, Defendants filed replies to Plaintiff's responses (Dkts. 30 & 31). Lastly, on January 10, 2014, Plaintiff filed a supplemental brief in support of his motion for summary judgment (Dkt. 32).

For the reasons that follow, Plaintiff's motion for partial summary judgment as to the res judicata defense (part of Plaintiff's combined motion, Dkt. 13) is GRANTED. The other motions – Plaintiff's motions for judgment on the pleadings, and for dismissal of Defendants' counterclaims (the remaining parts of Plaintiff's combined motion, Dkt. 13); Plaintiff's motion for summary judgment (Dkt. 23); Defendant Olenski's motion to dismiss (Dkt. 24); and Defendants' joint motion for summary judgment (Dkt. 25) – are all DENIED.

## I.    Background[1]

Ryan Meade Aspy ("Plaintiff") is a self-described professional videographer and screenwriter who, in October 2009, wrote a script for an independent film entitled "You Can't Rent Here Anymore" (the "Movie"). (Dkt. 1, Compl. ¶5). Sometime thereafter, Plaintiff approached Defendant James Olenski to discuss the

[1] The facts are taken primarily from Plaintiff's Complaint; where there is a dispute as to a material fact, the parties various positions are noted.

2

possibility of filming the Movie at Defendant's video rental store, Thomas Video,[2] located in Royal Oak, Michigan.  An agreement was reached, and the Movie was filmed at that location.  (*Id.*, ¶¶6-7).  The parties then discussed possible business arrangements regarding the commercial distribution of the Movie, but the nature of these arrangements is in dispute.  Plaintiff contends that the parties agreed to a division of the costs and proceeds from a December 2009 premiere of the Movie and discussed the possibility of granting Defendants an interest in the copyright, but Plaintiff maintains that no agreement was reached as to the copyright, and no written agreement was ever signed.  Defendants assert that Plaintiff accepted $2,500 in consideration of either 1) the sale of the Movie and all its distribution rights, or 2) creation of the Movie as a work-for-hire.  Under either theory, Defendants assert that they acquired full ownership and distribution rights in the Movie.

Plaintiff further alleges that Defendants then began to assert their claimed ownership interest in the Movie.  On January 20, 2010, Defendants filed a copyright registration application identifying Defendant Brainwater Enterprises, LLC ("Brainwater") as the owner of the copyright in the Movie.  (*Id.*, ¶12).  A certificate of registration was then issued, effective as of that date, which named Plaintiff as the sole author of the Movie but identified Brainwater as the copyright claimant.[3] (Dkt. 19, Defs.' Resp., Ex. B., Certificate of Registration PA 1-679-741).  Plaintiff states that he then filed an application for correction of that registration certificate,

---

[2] Plaintiff alleges that Defendant Brainwater Enterprises, LLC does business under the name "Thomas Video."  (Dkt. 1, Compl., ¶3).

[3] The Court notes that under "Transfer Statement," the Certificate of Registration states "Purchase."

seeking to substitute himself as the sole claimant of the copyright. (Dkt. 1, Compl., ¶14).[4]

Plaintiff subsequently produced a "final version" of the Movie (identifying Plaintiff as the holder of the copyright). (*Id.*, ¶15). Plaintiff then sought to have this version shown as a local film festival, in March 2010. However, Defendant Olenski allegedly informed the organizers of the festival that any exhibition of Plaintiff's "final version" of the Movie would infringe Brainwater's copyright. Although Defendant Olenski disputes this, Plaintiff asserts that Olenski caused the Movie to be dropped from the festival program. (*Id.*, ¶16). Then, in April 2010, Plaintiff received a copyright infringement notice on his YouTube account, requiring removal of the "final version" of the Movie from YouTube. Plaintiff alleges that the copyright infringement notice was issued by Defendants. (*Id.*, ¶17). It is further alleged that Defendants continue to sell the Movie and make use of trailers and artwork from the Movie without Plaintiff's permission. (*Id.*, ¶18).

Plaintiff is seeking disgorgement of profits, a permanent injunction against future distribution of the Movie, and attorney's fees and costs against Defendants Olenski and Brainwater Enterprises, LLC. In the alternative, Plaintiff seeks statutory damages under Title 17 USC § 1203.

---

[4] Although Defendants claim that no such application was filed, it appears that a Form CA for Supplementary Registration was, in fact, filed with the United States Copyright Office on March 13, 2013, and processed sometime thereafter. (Dkt. 19, Defs.' Resp., ¶10; Dkt. 32, Ex. 1, Certificate of Registration PA 1-397-335). The record does not reflect whether Plaintiff had ever filed for supplementary registration prior to March 13, 2013.

Defendants have filed counterclaims alleging Plaintiff committed fraud, breach of contract/quasi-contract/unjust enrichment, intentional infliction of emotional distress, and common law and statutory conversion.

Except for the motion for partial summary judgment as to Defendant's res judicata affirmative defense, which is well taken, there are significant and obvious issues of material fact that require all of the other motions to be denied.

## II.    Discussion

Although the Court will address each of these motions in turn, related motions will be discussed together, as appropriate, to avoid repetition of both the applicable legal standards and the parties' arguments.

### A.    Plaintiff's Motion for Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff initially moved for judgment on the pleadings.

> For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.

*Coyer v. HSBC Mort. Servs., Inc.*, 701 F.3d 1104, 1107-08 (6th Cir. 2012) (quoting *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (internal punctuation and citations omitted)).

Plaintiff's primary argument is that judgment on the pleadings is appropriate because the parties never executed a written instrument transferring the ownership

5

of the copyright in the Movie, as required under Title 17 USC § 204(a).  Thus, Plaintiff asserts that any purported transfer of the copyright in the Movie from Plaintiff to Defendants was invalid as a matter of law, and Defendants' conduct was necessarily infringing.

Defendants stated in their answer that Plaintiff was paid $2,500 in consideration of the purchase of the Movie and all rights associated with its distribution.  (Dkt. 6, ¶¶6-13).  Later, in their response to Plaintiff's motion, Defendants argued more specifically that the Movie was created as a work-for-hire, such that Defendant Brainwater was the only entity to ever hold the copyright to the Movie.  (Dkt. 19, ¶2-4).  Accepting Defendants' assertions as true, it is clear that the dispute between the parties involves more than the mere question of whether there was a valid transfer of copyright ownership alone, which is all that is addressed by 17 USC § 204(a).  A review of the pleadings and their attached exhibits demonstrates that the parties have different understandings as to their over-all agreement regarding the production of the film, the sharing of any proceeds, and the control of its distribution, and the ownership of the copyright itself.  *See Severe Records, LLC v. Rich*, 658 F.3d 571, 579 (6th Cir. 2011) (quoting *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009)) ("There are two essential questions at the heart of any copyright infringement action: whether the plaintiff owned the copyrighted work and whether the defendant copied it.")  Moreover, Plaintiff's argument that an agreement to transfer copyright ownership must be signed and in writing does not address the separate

6

question of whether the Plaintiff's acceptance of Defendants' $2,500 may have constituted an implied licensing agreement, authorizing some or all of Defendants' conduct with respect to the Movie—conduct that Plaintiff now asks this Court to construe as infringement. *See Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998) (citing *Effects Associates, Inc. v. Cohen*, 908 F.2d 555 (9th Cir.1990), *cert. denied* 498 U.S. 1103, 111 S.Ct. 1003, 112 L.Ed.2d 1086 (1991)).

Plaintiff is not clearly entitled to judgment as a matter of law. Therefore, Plaintiff's motion for judgment on the pleadings is DENIED. Consequently, Plaintiff's combined motion (Dkt. 13) is DENIED IN PART.

## B.   Motions to Dismiss

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While

7

legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### 1.      Plaintiff's Motion to Dismiss Counterclaims

Plaintiff seeks to dismiss Defendant's counterclaims against him. Specifically, Plaintiff asserts that Defendants have failed to state claims against him for fraudulent misrepresentation, fraud in the inducement, breach of contract, quasi-contract/unjust enrichment, intentional infliction of emotional distress, common law and statutory conversion, and equitable relief.

Plaintiff raises two main arguments. First, as to the first four counterclaims, Plaintiff argues that because there was never a written agreement between the parties regarding the sale of the rights in the Movie, these claims should be barred as against the public policy embodied in federal copyright law. Second, Plaintiff argues that the rest of Defendants' counterclaims are merely formulaic listings of the elements without any specific factual allegations. Plaintiff cites no controlling legal authority in support of either of these arguments.

As to the public policy argument, while Plaintiff alleges that he did not sign a film rights agreement, Defendants allege that Plaintiff intentionally avoided signing the document, while signing and cashing the $2,500 check provided in

consideration thereof.  Defendants have, at the least, alleged that there was some form of agreement between the parties and that Plaintiff's conduct violated that agreement.  The rest of Defendant's counterclaims incorporate all of the prior factual allegations by reference.  Given that Plaintiff appears to be challenging only the factual sufficiency of these counterclaims, and has not raised any arguments as to the counterclaims' legal sufficiency, Plaintiff's motion to dismiss the counterclaims must be DENIED.  Plaintiff's combined motion (Dkt. 13) is thus further DENIED IN PART.

**2.      Defendant Olenski's Motion to Dismiss**

Defendant Olenski has moved to dismiss the Complaint for failure to state a claim against him, arguing that Plaintiff has failed to show that Defendant Olenski is the "alter ego" of Defendant Brainwater, such that Plaintiff should not be allowed to "pierce the corporate veil" and seek damages from Olenski, one of Brainwater's members.

Whether the Complaint contains facts sufficient to justify piercing the corporate veil or not, the real issue here is that Plaintiff has alleged that Defendant Olenski *himself* has violated Plaintiff's copyright and harmed his reputation by providing false information about the ownership of the copyright (Dkt. 1, Compl. ¶¶16-18).  Plaintiff's claims against Olenski arise independently of whether Brainwater was *also* alleged to have violated Plaintiff's purported copyright

interest.  Accordingly, Defendant Olenski's motion to dismiss (Dkt. 24) must be DENIED.[5]

## C.   Motions for Summary Judgment

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law."  *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013); *see also* Fed. R. Civ. P. 56(a).

### 1.   Plaintiff's Motion for Partial Summary Judgment as to Res Judicata Defense

Plaintiff seeks partial summary judgment as to one of Defendants' Affirmative Defenses, No. 14—res judicata.  This motion is well-taken.  In their answer, Defendants plead that "Plaintiff brought a previous legal action based on the claims in the instant action in another court, and the case was adjudicated and dismissed with prejudice."  (Dkt. 6 at 8).  While it is true that there was a prior state court action in Michigan's Forty-Fourth District Court, none of these claims were adjudicated by that court.  The state court's order (Dkt. 13, Ex. 1) dismisses the prior case because the state court determined that it lacked subject matter jurisdiction over claims arising under federal copyright law.  Such a dismissal is

---

[5] The Court also notes that Olenski's motion to dismiss for failure to state a claim was untimely. Although Olenski states in his reply brief that the "Court set the deadline for dispositive motions for September 27, 2013, and such a motion could be filed by Defendant at any time through that date" (Dkt. 30 at 5), this statement reflects a misunderstanding of the Federal Rules of Civil Procedure. Pursuant to Rule 12(b), "A motion asserting any of these defenses [e.g., failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed." Here, Defendant Olenski filed an answer on March 20, 2013; Olenski's motion to dismiss under Rule 12(b)(6) should have been filed in lieu of that answer, if at all.

quite clearly not a decision on the merits.  Accordingly, res judicata does not attach to the state court's ruling.  *See Ludwig v. Township of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012) (noting that res judicata requires the prior action to be decided on the merits).   Accordingly, the Court will GRANT Plaintiff partial summary judgment as to the applicability of Defendants' res judicata defense; Plaintiff's combined motion (Dkt. 13) is GRANTED IN PART.

### 2.   Parties' Cross-Motions for Summary Judgment as to All Claims

Finally, the parties have all moved for summary judgment as to all claims. As stated previously, summary judgment is only appropriate where there is no genuine issue as to any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  That is not the case here.  Although this should be obvious to the parties—as well as to anyone giving the pleadings even a cursory review—the Court will state it unequivocally:  there are numerous facts still at issue, chief among them being what the parties actually agreed to with respect to the Movie.

It appears to be undisputed that Plaintiff cashed a check, dated November 6, 2009, the memo-line of which reads "For: YOU CAN'T RENT HERE ANYMORE-MOVIE" (Dkt. 19, Ex. A).  What is unclear is the relationship, if any, that exists between that check and the unsigned "Film Rights Agreement," dated November 2, 2009, that Plaintiff attached to his response to Defendant Olenski's motion to dismiss (Dkt. 29, Ex. 2).  While Plaintiff repeatedly claims that no written agreement was ever executed regarding a transfer of rights in the Movie, it was

11

*Plaintiff* who provided the Court with a copy of a document, albeit unsigned, purporting to be just such a written agreement. Further, Defendants claim that Plaintiff was given the $2,500 check in consideration for the covenants and agreements set forth in that very document. It is understandable why Defendants might believe that Plaintiff has breached some sort of agreement, whether express or implied. Even so, assertions are just that, assertions. Neither party has submitted a sworn affidavit attesting to any of these facts, nor has either party offered any deposition testimony in support of the facts as they understand them. This lack of evidence on both sides precludes the Court from granting summary judgment in either party's favor. The parties' cross-motions for summary judgment (Dkts. 23 & 25) must be DENIED.

### III.   CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Plaintiff's combined motion (Dkt. 13) is **GRANTED IN PART**; Plaintiff is entitled to summary judgment as to the applicability of Defendants' res judicata defense only. All of Plaintiff's other motions: the remaining portions of Plaintiff's combined motion (seeking judgment on the pleadings and dismissal of Defendants' counterclaims) (Dkt. 13), and Plaintiff's separate motion for summary judgment (Dkt. 23) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Olenski's motion to dismiss (Dkt. 24) and Defendants' joint motion for summary judgment (Dkt. 25) are both **DENIED**.

12

**IT IS FURTHER ORDERED** that this case is referred to Magistrate Judge

David R. Grand for the purpose of conducting a settlement conference.[6]


Dated:  March 28, 2014                    s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 28, 2014, using the CM/ECF system, which will send notification to the parties.

                                          s/A. Chubb
                                          Case Manager

---

[6] The parties are strongly encouraged to devote serious effort toward exploring whether a mutually agreeable settlement could be reached in this matter.  A significant amount of time, energy, and resources have been expended thus far, litigating over the rights to a film which does not appear to have made any profit.